OPINION
Plaintiff-appellant and cross-appellee Forest Park Partners Limited Partnership appeals, and defendant-appellee and cross-appellant Dave's Markets, Inc. cross-appeals, from a partial summary judgment rendered in the trial court. Forest Park, the owner of a shopping center by the same name, contends that the trial court erred when it construed adversely to it a provision in its lease with Dave's Markets, a tenant in the shopping center, concerned with title to trade fixtures, and awarded summary judgment in favor of Dave's Markets on that issue. Dave's Markets cross-appeals, contending that the trial court erred when it construed another provision in the lease, banning auction sales on the premises, in favor of Forest Park, and rendered a partial summary judgment determining that Dave's Markets had breached this provision of the lease.
With respect to the cross-appeal, we note that the trial court has determined that Dave's Markets has breached the lease, but has not yet determined the remedy; that is, the trial court has not yet determined the issue of damages. Unless and until the trial court determines that Dave's Markets' breach of the no-auction provision has proximately caused injury to Forest Park, and awards damages for the breach, this claim has not yet been adjudicated. Thus, even though the trial court has certified that there is no just reason for delay, pursuant to Civ.R. 54(B), that claim is not ripe for appellate review, and the cross-appeal isDismissed.
With respect to Forest Park's claim that it is the owner of certain trade fixtures, and possibly other fixtures, that Dave's Markets has apparently sold, we conclude that the trial court erred when it rendered summary judgment on this claim.[1] Specifically, the trial court erred when it concluded that the provision in the lease concerning title to the trade fixtures is clear and unambiguous. We conclude that the provision is ambiguous, as applied to the controversy before the trial court. Because the lease is ambiguous, extrinsic evidence is admissible to prove the intent of the parties. Although both parties moved for summary judgment, unless and until either party can demonstrate that there is no extrinsic evidence tending to prove that the intent of the parties was contrary to a construction of the lease provision in its favor, then neither party has satisfied its burden of demonstrating that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court in this respect is Reversed, and this cause is Remanded for further proceedings.
 I
The relevant facts in this case are ably set forth in the decision of the magistrate. They are, in pertinent part, as follows:
 This case involves the interpretation of a lease, addendum, and waiver documents executed between the parties and/or their alleged predecessors regarding commercial space which was occupied by Shears Markets in the Forest Park Shopping Center on North Main in Dayton, Ohio. Plaintiff's Complaint includes five causes of action for: 1) breach of contract based on the "no auction" clause; 2) breach of contract based on removal of landlord's property; 3) injunctive relief to prevent the Defendants from benefiting from the sale of the property; 4) damages based on conversion; and 5) recovery of attorney fees. Defendant, Dave's Market, filed a counterclaim for breach of the lease and to recover attorney fees and costs for defending this action.
 Most of the facts are undisputed. The former Landlord of the commercial space at issue was Montgomery Properties Co., an Ohio partnership. In 1986, Montgomery Properties entered into a lease with Schear's Food Center, Inc., which was assigned to Schear's Metro Markets, Inc., in 1991, then again reassigned back to Schear's Food Center, Inc. in 1994. * * * Although no document was provided by either party to identify the method in which the ownership of the shopping center had changed, it is undisputed that in 1997, the Landlord was the Plaintiff, Forest Park Partners, which entered into a lease with Dave's Market. * * * This lease was necessitated as a result of the business failure of Schear's Market and the desire of the Landlord to keep the business open and operating. When Dave's Market took over for Schear's, it was also necessary to satisfy Schear's creditors so that Dave's could continue to use the store's equipment. Dave's Market had entered into an Equipment Lease with Roundys, * * *, which contained an option to purchase the equipment at issue. An addendum to the lease with Plaintiff was executed, * * *, which acknowledged that Dave's Market had entered into an agreement with Roundy's to pay for the equipment at a cost of $10,000 a month for 36 months, and that Plaintiff was to pay a lump sum of $117,000 toward the cost of the equipment directly to Dave's on January 31, 1999. It is undisputed that this lump sum payment was not made by Plaintiff. The addendum further provides that if the $117,000 payment is not made, the tenant has the right to withhold payment of rent until the accumulated unpaid rent is equal to $117,000. It is undisputed that Dave's Market did deduct this sum from its rent payment, and otherwise paid its rent to the end of the term, January 31, 2000. It is undisputed that Dave's Market closed its store at Forest Park Shopping Center in early November, 1999. In January, 2000, the Defendant arranged for an auctioneer to sell off certain "trade fixtures," which precipitated the filing of this lawsuit on Jan. 13, 2000.
 Plaintiff point [s] out that the Lease Agreement, * * *, Article IX, Section 9.3 entitled "Care of the Premises" provides that "Tenant shall not conduct any auction, fire, bankruptcy, selling out, or going out of business sale, on or about the Premises." Also pertinent to the issues at hand is Article XII, Section 12.2, entitled "Removal of Improvements" which provides as follows:
 All items of Landlord's and Tenant's construction, including primary light fixtures, all heating and air conditioning equipment, all bathroom fixtures, and all alterations and other improvements by Tenant shall become the property of Landlord and shall not be removed from the Premises. All trade fixtures (excluding primary light fixtures), furniture, furnishings, and signs installed in the Premises by Tenant and paid for by Tenant shall remain the property of Tenant and may be removed upon the expiration of the term of the lease.
 It is undisputed that Dave's Market did not install the equipment in the premises, because the equipment was already in the premises when they took over the space formally occupied by Schear's Market. * * * It is also clear that both the Plaintiff and Defendant paid for the equipment based on the terms of the Addendum to Lease, * * *, in which the Plaintiff agreed to pay $117,000 towards the purchase of the equipment. It is also undisputed that Defendant, Dave's [Market] became the owner of the equipment pursuant to a Bill of Sale, dated Jan. 11, 2000. * * * The Bill of Sale does state that the seller "specifically disclaims that any equipment is free of any rightful claim of any third persons." * * *
 The Defendant points out that a document signed by the former landlord Montgomery Properties Company, entitled "Landlord Agreement and Waiver", * * *, specifically waives any rights the Landlord may have with respect to the Equipment, and purports to bind all "executors, administrators, successors, transferees or assignees of Landlord(s) and shall inure to the benefit of the successors and assigns of Lessors." * * * The Plaintiff argues that this waiver should not be considered because: 1) a question of fact exists as to whether they are an assignee of the former Landlord, and therefore Defendant has failed to show that Plaintiff is bound by the terms of the Waiver executed by Montgomery Properties, and 2) the waiver was not recorded. It is clear that the waiver was signed by the former Landlord long before the new lease and addendum was signed by the Plaintiff and Defendant herein, at a time when the Plaintiff's contribution toward the cost of the equipment was not contemplated. In response, the Defendant points out that the language of the addendum agreement unambiguously identifies the consideration for the Plaintiff's contribution toward payment of the equipment as the execution of the lease itself, without any intent to maintain any interest in the equipment. The language of the addendum, * * *, states:
 Partners (Plaintiff herein) acknowledges that the execution of this lease is of great value to it in that its commercial property will be occupied and it will be receiving rent pursuant to this Lease. Partners acknowledge that it has therefore received good and valuable consideration for payment of the lump sum equipment lease payment.
 There is no dispute that after the store was closed, the Defendant hired an auctioneer to sell some of the equipment, which may have been considered "trade fixtures." There are disputed facts as to when the Plaintiff was advised of the auction, and whether the Plaintiff consented to it. Defendant claims that Plaintiff's leasing agent, Jeff Ross, was advised of the auction in early January and that he acknowledged and agreed to the auction taking place. * * * In response, Plaintiff has submitted the affidavit of Jeffrey Ross, who admits that he had a conversation with Vic Bryant in mid-December, but has no recollection of being told that they intended to conduct an auction of the equipment, and has "made no acknowledgments regarding Dave's Market holding an auction." * * * Plaintiff points out that Section XXIX of the Lease, * * *, states that no waiver shall be valid unless it is in writing and signed by the Landlord. Defendant's response is that the term of the lease prohibiting auctions, when read in context with the rest of the provisions on "care of the premises", was intended to prohibit fire sales and going out of business sales during the operation of the business, but was not intended to prevent liquidation after the operation of the business ceased.
The magistrate determined that both of the disputed provisions in the lease were clear and unambiguous. She determined that, pursuant to the lease, the trade fixtures belonged to the tenant, Dave's Market, even though it did not install the trade fixtures, the trade fixtures having been installed by a prior tenant, and even though the landlord, Forest Park, subsidized part of the payment for those fixtures, by an abatement of rent. The magistrate further determined that Dave's Market had breached the lease by conducting an auction without the prior consent of Forest Park.
Both parties objected to the magistrate's decision. The trial court reviewed the facts and the law, overruled both objections, and adopted the decision of the magistrate. From the order of the trial court adopting the decision of the magistrate, both parties have appealed.
 II
Forest Park's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE DAVE'S MARKETS, INC. ("DAVE'S MARKETS") AND AGAINST PLAINTIFF/APPELLANT FOREST PARK PARTNERS LIMITED PARTNERSHIP ("FOREST PARK") ON THE ISSUE OF THE OWNERSHIP OF EQUIPMENT, TRADE FIXTURES, AND OTHER ITEMS FORMERLY LOCATED IN PREMISES LEASED BY DAVE'S MARKETS AND OWNED BY FOREST PARK BECAUSE THE MAGISTRATE'S HOLDING IS CONTRARY TO THE MAGISTRATE'S FINDINGS OF FACTS AND IS ALSO CONTRARY TO THE EXPRESS TERMS OF THE LEASE.
Both parties contend that the controlling provision in the lease, Section 12.2, entitled "Removal of Improvements," is clear and unambiguous, although, of course, both parties disagree about what it means. The applicable clause in Section 12.2 is the following:
 All trade fixtures (excluding primary lighting fixtures), furniture, furnishings, and signs installed in the Premises by Tenant and paid for by Tenant shall remain the property of Tenant and may be removed upon the expiration of the term of this Lease; * * *
(Emphasis added.)
We conclude that the above-quoted provision in the lease is ambiguous, as applied to the matter in controversy. In our view, it is not clear whether the installation requirement was intended to be deemed satisfied when trade fixtures were installed by a prior tenant; neither is it clear whether the paid-for requirement is satisfied when the tenant has partially paid for the trade fixtures, or only when the tenant has fully paid for the trade fixtures.
When language in a contract is unclear or ambiguous, extrinsic evidence is admissible to prove the intent of the parties. Shifrin v. Forest CityEnt., Inc. (1992), 64 Ohio St.3d 635. Summary judgment is to be rendered if evidence properly before the trial court demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). A party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Id., at 293.
As we understand the application of the holding in Dresher v. Burt,supra, to a motion for summary judgment based on an ambiguous provision in a contract, the moving party must demonstrate that there is no extrinsic evidence to prove that the parties to the contract intended a meaning contrary to the meaning urged by the movant. We have reviewed Dave's Markets' motion for summary judgment and supporting memorandum, and we find that it refers to some extrinsic evidence to support its position, but does not affirmatively demonstrate that there is no extrinsic evidence to support the contrary interpretation of the lease provision. Forest Park's motion for summary judgment and supporting memorandum, beyond reciting that both parties agree that the language in the lease provision is clear and unambiguous, does not address the issue of the existence of extrinsic evidence to prove the parties' intent. An agreement by parties to a contract that a provision in the contract is clear and unambiguous is not useful unless both parties agree as to what it means.
In short, we conclude that the provision in question is ambiguous, and that neither party has demonstrated that there is no genuine issue of material fact, which, in this context, would be extrinsic evidence tending to prove the intent of the parties to the lease.
In support of the summary judgment rendered in its favor, Dave's Markets, relies upon a "Landlord's Agreement and Waiver" executed by Montgomery Properties Company. In this document, Montgomery Properties Company waived any interest that it might acquire "arising under real property law or by contract," in some equipment purchased by a tenant. It is contended that this is the same equipment that is the subject of the present dispute between Forest Park and Dave's Markets. This document included a paragraph providing as follows:
 This Landlord's (s') Agreement and Waiver is assignable by Lessor with said Lease and shall be binding upon the executors, administrators, successors, transferees or assigns of Landlord's and shall inure to the benefit of the successors and assigns of Lessor.
Dave's Markets contends that Forest Park is either the successor in title, or the corporate successor, to Montgomery Properties Company, and is therefore bound by the "Agreement and Waiver" executed by Montgomery Properties Company. The magistrate appears to have concluded that she had insufficient evidence from which she could determine the validity of this proposition, or, for that matter, the relationship of Dave's Markets and the other parties to that agreement, being Roundy's, Inc., denominated the "Lessee," and U.S. Bank Corp. Leasing Financial, denominated the "Lessor."
We find unpersuasive Dave's Markets' reliance upon the Landlord's Agreement and Waiver. Even if that agreement had been directly between Forest Park and Dave's Markets, the subsequent lease entered into between those parties constituted a novation. In entering into the subsequent lease, Forest Park and Dave's Markets were free to disregard whatever contrary contractual provisions had previously been entered into concerning the trade fixtures, at least as between the two of them.
Forest Park's sole assignment of error is sustained, to the extent that we conclude that summary judgment was improperly rendered with respect to its claim relating to the fixtures and equipment.
 III
Dave's Markets' sole assignment of error is as follows:
 THE COURT ERRED IN FINDING THAT THE "NO AUCTION" CLAUSE WAS APPLICABLE TO A LIQUIDATION OF FIXTURES SALE AT THE END OF A LEASE.
The trial court adopted the decision of the magistrate rendering partial summary judgment on the issue of Forest Park's claim that Dave's Markets breached the lease when it conducted auction sales upon the premises, finding that the applicable lease provision was clear and unambiguous in this respect. Although it found that Dave's Markets breached the lease in this regard, the trial court has not addressed the issue of damages. A trial court may render a summary judgment, "interlocutory in character," on the issue of liability alone although there is a genuine issue as to the amount of damages. Civ.R. 56(C).
When more than one claim for relief is presented in an action, the court may enter final judgment as to one or more but fewer than all of the claims, only upon an express determination that there is no just reason for delay. Civ.R. 54(B).
In the case before us, there are evidently other claims that the trial court has not yet addressed, and the trial court entered an order under Civ.R. 54(B), the entire text of which is as follows:
 This Court, having considered the motion of Plaintiff Forest Park Partners Limited Partnership, and pursuant to Civ.R. 54(B) and Section 2505.02(B) of the Ohio Revised Code hereby makes an expressed determination that there is no just reason for delay and directs that an entry of judgment be made on only those claims adjudicated in this Court's Decision, Entry Order adopting the Magistrate's Decision, filed on January 24, 2001, and which will not terminate any non-adjudicated and pending claims remaining before the Court in this matter.
Based upon our review of the magistrate's decision and the order of the trial court adopting it, we conclude it has merely determined that Dave's Markets has breached the no-auction provision in the lease between the parties. The trial court has not yet determined whether that breach is the proximate cause of any injury to Forest Park. Nor has the trial court awarded damages, or ordered any other form of relief with respect to this claim. Therefore, this claim is not yet adjudicated, but remains interlocutory in character. Accordingly, the partial summary judgment ordered by the trial court with respect to this claim is not a final appealable order, and Dave's Markets' cross-appeal is Dismissed.
 IV
Dave's Markets' cross-appeal having been dismissed, and Forest Park's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion.
WOLFF, P.J., and GRADY, J., concur.
[1] Here, also, the trial court has not addressed the issue of damages. However, no determination of damages is required, because the trial court has determined that Dave's Markets did not breach this provision of the lease, thereby adjudicating Forest Park's claim adversely to Forest Park.